| DISTRICT COURT, LARIMER COUNTY, STATE OF COLORADO<br>201 La Porte Ave, Suite 100<br>Ft. Collins, CO 80521 | DATE FILED: August 13, 2021 4:55 PM<br>FILING ID: B7ED1D96792C3<br>CASE NUMBER: 2021CV30582 |
|---|---|
| **Plaintiff:**   BARSHA DAILY, an individual<br><br>v.<br><br>**Defendant:**   HAN DUL, INC., dba AMERICAS BEST VALUE INN AND SUITES, a foreign corporation; and WESTFIELD OUTDOOR, INC., a foreign corporation. | |
| Attorneys for Plaintiff:<br>Larry N. Harris, #11816<br>Eric R. Jonsen, #15076<br>ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.<br>1600 Stout St., Suite 1900<br>Denver, Colorado 80202<br>Phone Number: (303) 534-4499/(303)991-5970<br>lharris@allen-vellone.com; erjonsen@jonsen.net | Case No:<br><br>Courtroom: |
| **COMMPLAINT AND JURY DEMAND** | |

Barsha Daily ("Plaintiff"), by her attorneys, Allen Vellone Wolf Helfrich & Factor, PC, for her Complaint and Jury Demand against the Defendants, alleges and avers as follows:

## GENERAL ALLEGATIONS

1. Plaintiff is a natural person, and a resident of the State of Colorado with her principal residence located in Sterling, Colorado.

2. The Defendant, Han Dul, Inc., dba Americas Best Value Inn and Suites ("Americas Best"), is a foreign corporation organized and existing under the laws of the State of Wyoming, but present and doing business as a hotel/motel business located at 4333 E. Mulberry St. Fort Collins, Colorado.

3.  The Defendant, Westfield Outdoor, Inc. ("Westfield") is a foreign corporation organized under the laws of the state of Nevada, with a principle office located at 8675 Purdue Rd., Indianapolis, Indiana.

## VENUE AND JURISDICTION

4.  This Court has jurisdiction over the parties and the subject matter of this case.

5.  Jurisdiction and venue of this action are proper in this county because Plaintiff was in this county at the time of the accident, the accident occurred in this county, Defendant America's Best was present and doing busines in this county at the time of the accident, the accident occurred on premises it owned or operated in this county, Defendant Westfield Outdoors manufactured the chair that was involved in the accident, and it expected that its products would be sold in, distributed to or used in this county, and the product manufactured and sold by it was involved in the accident in this county.

## BACKGROUND

6.  At all times relevant, America's Best was an owner or occupier of the premises located at 4333 E. Mulberry St. Fort Collins, Colorado, which was operated as a hotel/motel that invited members of the public to come to its premises.

7.  At all times relevant, Westfield was a Nevada corporation, engaged in the business of manufacturing, selling and distributing outdoor furniture, and placed their product into the stream of commerce, and it was foreseeable and expected that its products would be purchased in, distributed to and used in the State of Colorado. It manufactured the chair which was involved in the injury to Plaintiff that is the subject of this civil action.

8.  On or about August 16, 2019 to August 17, 2019, Plaintiff rented a hotel room from America's Best at its premises described above.

9.  On the morning of August 17, 2019, at approximately 9:30 a.m., Plaintiff was sitting in a lounge chair in the swimming pool area of America's Best.

10. Plaintiff was an "invitee" upon the premises of America's Best at the time of the accident.

11. As Plaintiff sat forward in the lounge chair to take a drink of her coffee, the chair suddenly and unexpectedly flipped , causing Plaintiff to fall from the chair, striking her head, right shoulder, right ribs and other portions of her body on the metal railing around the pool area and/or onto the concrete surface in the pool area, causing her injuries, damages and losses.

12. As a result of the chair flipping, Plaintiff suffered serious personal injuries, including a gash to her head, broken ribs, and a torn rotator cuff and shoulder joint injuries.

13. The injuries to Plaintiff were caused by a dangerous and unsafe condition of the premises and of the chair, of which the Defendants knew or should have known, and of which it did not warn Plaintiff or other patrons on the premises.

**FIRST CLAIM FOR RELIEF**
**(Premises Liability Against America's Best)**

14. Plaintiff re-alleges the allegations of Plaintiff's paragraphs 1-13 as if set forth in their entirety.

15. On the day of the accident, Plaintiff was an "Invitee" on the premises of Defendant, America's Best.

16. Pursuant to C.R.S § 13-21-115, *et seq*. (the "Act"), and at all relevant times herein, Defendant America's Best was an owner or operator of the premises and was in possession of the premises and legally responsible for the condition of the premises.

17. Plaintiff entered and remained on the premises of Defendant America's Best to conduct personal business in which each of the parties had a mutual interest.

18. Defendant America's Best made an express or implied representation to Plaintiff as a member of the public to enter its business premises.

19. Pursuant to C.R.S. 13-21-115 (2011), Defendant America's Best had a duty to exercise reasonable care for invitees such as the Plaintiff who entered upon the Premises.

20. America's Best kept a lounge chair upon the premises, and expressly or impliedly invited members of the public, including Plaintiff, to use the lounge chairs in the pool area.

21. The lounge chair in questions was unreasonably dangerous in that it could tip over and cause its occupants to fall from the chair.

22. The unreasonably dangerous condition of the lounge chair was known to or reasonably should have been known to America's Best.

23. Upon information and belief, America's Best had experienced similar chairs tipping or breaking, and had removed chairs that had broken or tipped from the area where invitees and others on the premises might be expected to use them.

24. Despite this prior experience and knowledge, America's Best did not adequately inspect the lounge chair that Plaintiff used, did not remove it from the area that invitee's upon the premises would be likely to use it, and did not warn invitees upon the premises of the dangerous condition of the chair.

25. America's Best breached its duty to Plaintiff, and this breach constituted negligence and/or a violation of the Act.

26. As a result of this breach and/or violation of the Act, Plaintiff was injured and has suffered economic and non-economic damages, physical impairment and disfigurement, and other injuries damages and losses.

27. Defendant America's Best is liable to Plaintiff for her injuries, damages and losses caused by this accident.

## SECOND CLAIM FOR RELIEF
### (Products Liability – Westfield Outdoor, Inc.)

28. Plaintiff re-alleges the allegations of Plaintiff's paragraphs 1-27 as if set forth in their entirety.

29. Defendant Westfield was in the business of manufacturing outdoor chairs, and manufactured the chair that was involved in the accident.

30. Defendant Westfield sold the chair that was involved in the accident.

31. The chair was defective in that it could unexpectedly tip and cause its user to fall out of the chair due to a design that did not provide the reasonably required stability for reasonably foreseeable uses of the chair.

32. The defect in the chair it was unreasonably dangerous to a person who might be reasonably be expected to use or be affected by the chair.

33. The chair was defective at the time it was sold by Defendant Westfield.

34. The chair was expected to reach the user or consumer without substantial change in the condition in which it was sold.

35. The chair did reach the user or consumer without substantial change in the condition in which it was sold.

36. Plaintiff was a person who would be reasonably expected to use or be affected by the chair.

37. Because of the defective and unreasonably dangerous chair, it unexpectedly tipped while Plaintiff was using it in a reasonably foreseeable manner, causing Plaintiff to fall and strike parts of her body against the hard surfaces surrounding the chair, causing her injuries, damages and losses as more fully descried above.

38. The defect in the chair was a cause of the Plaintiff's injuries damages and losses.

39. Defendant Wakefield is liable to Plaintiff for all of her injuries, damages, and losses caused by its manufacture and sale of the defective and unreasonably dangerous chair.

WHEREFORE, ON THE BASIS OF THE FOREGOING, PLAINTIFF PRAYS:

A. Judgment be entered in her favor and against Defendants, and each of them, for Plaintiff's past and future economic and non-economic damages, for her physical impairment, and for her disfigurement, that
B. Plaintiff be awarded reasonable monetary damages to be awarded by the jury at the time of trial, plus pre and post judgment interest as allowed by law, costs, expert witness fees, and all other relief deemed proper by this Court.

**PLAINTIFF DEMANDS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted this 13th day of August, 2021.

                            Respectfully Submitted,

                            ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.

By: *s/ Larry N. Harris*
      Larry N. Harris
      Eric R. Jonsen
      1600 Stout Street, Suite 1900
      Denver, Colorado 80202
      (303) 534-4499/(303)991-5970
      E-mail: lharris@allen-vellone.com
      E-mail: erjonsen@jonsen.net

ATTORNEYS FOR THE PLAINTIFF

Plaintiff's Address:
c/o Allen Vellone Wolf Helfrich & Factor PC
1600 Stout Street, Suite 1900
Denver, CO 802020